UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CARZELL MIDDLETON,**

 *Plaintiff*,

v.                Case No. SA-25-CV-00560-JKP

**HONORABLE DANIEL DRISCOLL,
ACTING SECRETARY OF THE AR-
MY, DEPARTMENT OF THE ARMY;**

 *Defendant*.

## MEMORANDUM OPINION AND ORDER

 Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. *ECF No. 10,14*. Plaintiff, Dr. Carzell Middleton, responded. *ECF No. 13*. Upon consideration, the Motion is GRANTED. This action is DISMISSED with prejudice.

### Factual Background

 Dr. Middleton is African American military veteran. Beginning in May 2022, Dr. Middleton began his employment as an instructor in the Army's MBA/MHA program. Dr. Middleton alleges in the Amended Complaint that starting in November 2022, a group of students began a campaign of unprofessional and harassing behavior toward him. Dr. Middleton alleges he complained about the student behavior to his leadership; however, no one counseled the students or investigated the complaint. When a student reported to his leadership that Dr. Middleton's personal business website allowed customers to book appointments during the time he was scheduled to perform his official duties, the Army investigated him. Following the investigation, Dr. Middleton received a letter of reprimand in September 2023. *ECF No. 3, pars. 1-6,13-16*.

On June 20, 2023, Dr. Middleton filed a complaint with his EEO Office asserting claims of harassment and discrimination based upon his race. On February 21, 2025, the EEO granted summary judgment in favor of Defendants and issued a Notice of Final Action. On May 21, 2025, Dr. Middleton filed this action asserting causes of action of discrimination and retaliation based on race in violation of Title VII and the Texas Labor Code. *ECF No. 3, pars. 17-18; see ECF No. 1*.

## Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

**Discussion**

1. **Violation of the Texas Labor Code**

In the Amended Complaint, Dr. Middleton asserts the alleged actions violated Chapter 21 of the Texas Labor Code. *ECF No. 3, pars. 17-18*.

Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees against their federal employer. *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 829–35 (1976). Consequently, "when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not

sufficiently distinct to avoid' preemption." *Booker v. DeJoy*, No. 5:22-CV-180, 2022 WL 21536551, at *5 (W.D. Tex. Sept. 29, 2022); *see also Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)(dismissing causes of action under 42 U.S.C. §§ 1981, 1983, and 1985(3)).

Because Dr. Middleton is a federal employee and relies on the same facts to support causes of action for violation of both Title VII and the Texas Labor Code against his federal employer, the state causes of action under Texas Labor Code §§ 21.051, 21.055 are preempted by Title VII and must be dismissed. *See Brown*, 425 U.S. at 829–35; *Booker*, 2022 WL 21536551, at *5.

2. **Plausibility of Title VII Cause of Action**

Title VII prohibits discrimination against individuals with respect to their terms, conditions, or privileges of employment because of their race. 42 U.S.C. § 2000e-2(a)(1). In general, to adequately assert a cause of action of violative racial discrimination, the plaintiff must allege (1) membership in a protected group; (2) they are qualified for the position at issue; (3) they suffered an adverse employment action; and (4) they were replaced by someone outside the protected group or treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007), *abrogated on other grounds by Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023). This disparate-treatment discrimination occurs when an employee is subject to adverse employment action on account of their membership in a protected group. *Id*. Thus, to support this disparate-treatment cause of action, the complaining party must allege facts to show race was a motivating factor for any adverse employment action, even though other factors may have also motivated the adverse employment action. *Id.*; *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)).

"[T]o plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." *Hamilton v. Dallas County*, 79 F.4th 494, 502-03 (5th Cir. 2023). While the criteria for an adverse employment action are broad, Title VII "does not permit liability for de minimis workplace trifles." *Id.*; *Burchfield v. S. Louisiana Med. Associates*, No. CV 23-1501, 2023 WL 5952183, at *4 (E.D. La. Sept. 13, 2023). Although the Fifth Circuit declined to provide a minimum standard for adverse actions in *Hamilton*, it later clarified that an adverse employment action requires: "(1) employment discrimination—the "adversity" requirement—that (2) causes the plaintiff a non-*de minimis* injury—the "materiality" requirement." *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023); *Fleming v. Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, No. SA-21-CV-01234, 2024 WL 1055120, at *12 (W.D. Tex. Mar. 11, 2024). The materiality requirement ensures the "relaxed definition of adversity will not 'transform Title VII into a general civility code for the American workplace.'" *Hamilton*, 79 F.4th at 504–05 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).

Consequently, following *Hamilton* and *Harrison*, the challenged employment action must not only involve a meaningful difference in the terms of employment but must also injure the affected employee in some way. *Harrison*, 82 F.4th at 431 (citing *Threat v. City of Cleveland*, 6 F.4th 672, 678 (6th Cir. 2021)); *Fleming*, 2024 WL 1055120, at *12. After *Hamilton*, the phrase, "terms or conditions of employment," requires the alleged adverse employment action "brought about some 'disadvantageous' change in an employment term or condition." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354 (2024); *see Bravo v. Kendall*, No. 5:22-CV-1186, 2025 WL 965927, at *31 (W.D. Tex. Mar. 31, 2025). Written reprimand, placement on a performance improvement plan, and other corrective or remedial measures do not constitute adverse employment actions

5

unless they "affect job title, grade, hours, salary, or benefits or cause a diminution in prestige or change in standing among coworkers." *Lemonia v. Westlake Mgmt. Servs., Inc.*, 2023 WL 6878915, at *7 (5th Cir. Oct. 18, 2023) (cleaned up*); Fleming,* 2024 WL 1055120, at *13. Criticism and scrutiny of work do not constitute denial of terms, conditions, and privileges of employment. *Smith v. McDonough*, No. SA-22-CV-01383, 2023 WL 5918322, at *5 (W.D. Tex. Sept. 8, 2023).

The question, then, is whether Dr. Middleton plausibly alleges he was denied "terms, conditions, or privileges of employment." *See* 42 U.S.C. § 2000e-2(a)(1). Reading the Amended Complaint broadly and with liberal construction and considering Dr. Middleton's supporting affidavit as part of the Amended Complaint[1], the Court construes Dr. Middleton's allegation to be he suffered continued harassment from his students, unwarranted criticism and scrutiny of his work, and a written reprimand following investigation into his own conduct, all for discriminatory reasons.

These allegations are not sufficient to constitute an "adverse employment action" as a matter of law, and therefore, cannot support a cause of action for disparate-treatment discrimination. Dr. Middleton does not allege any change in his employment following the investigation and reprimand, such as, he was fired, demoted, passed over for promotion, denied leave, or differently compensated. Nor does Dr. Middleton allege any other negative consequences resulted from the investigation and written reprimand. *See ECF No. 3, pars. 1-6, 13-16*. Consequently, these allegations of continued harassment by his students, written reprimand, and unwarranted

---

[1] The Court is not required to consider Dr. Middleton's affidavit attached to his Amended Complaint because it is not a document supporting the underlying facts, but is simply a recitation of the same facts and bases cited in the Amended Complaint. *See Brackens v. Stericycle, Inc.*, 829 Fed. App'x. 17, 23 (5th Cir. 2020); *Sullivan v. Atl. Plant Maint.*, No. CV 23-1450, 2025 WL 410087, at *4 (M.D. La. Feb. 5, 2025). However, the Court will consider Dr. Middleton's affidavit to fully understand his claims and allegations.

criticism of his performance, without more, do not constitute an adverse employment action. *See Lemonia*, 2023 WL 6878915, at *7; *Sullivan v. Atl. Plant Maint.,* No. CV 23-1450-JWD-RLB, 2025 WL 410087, at *4 (M.D. La. Feb. 5, 2025); *Fleming,* 2024 WL 1055120, at *13; *Smith*, 2023 WL 5918322, at *5. Even at the pleading stage, these factual allegations are not sufficient to state a claim for relief or a cause of action for violation of Title VII based upon his race that is plausible on its face. *See Twombly*, 550 U.S. at 555–558, 570.

For this reason, Dr. Middleton's cause of action for violation of Title VII based upon racial discrimination must be dismissed.

### 3. Plausibility of Retaliation Cause of Action

Dr. Middleton asserts a cause of action for retaliation in violation of Title VII, alleging Defendants retaliated against him for reporting his students' unprofessional behavior, which he attributed to racially discriminatory bias.

Title VII forbids an employer from retaliating against an employee because that individual opposed any practice or reported any incident made unlawful by Title VII or participated in a Title VII investigation. 42 U.S.C. § 2000e-3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006). To state a plausible retaliation cause of action under Title VII, a plaintiff must plead facts to show: (1) he engaged in activity protected under Title VII; (2) he suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (citing *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996)); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). Thus, subjection to an adverse employment action is an element of both discrimination and retaliation claims. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012); *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004).

In the retaliation context, however, a materially adverse action is any action that might deter a reasonable person from engaging in protected activity. *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68. The protection is offered against employer actions that are "likely to deter victims of discrimination from complaining" of it. *Id.* To determine whether an action is materially adverse in the retaliation context, a court must look to indicia such as whether the action affected job title, grade, hours, salary, or benefits or caused a diminution in prestige or change in standing among coworkers. *Hudson v. Lincare, Inc.*, 58 F.4th 222, 231-32 (5th Cir. 2023); *Johnson-Lee v. Tex. A&M Univ.-Corpus Christi*, 729 F.Supp.3d 709, 720 (S.D. Tex. 2024). In this context, written warnings for performance issues, written warnings for insubordination, being argumentative, and excessive tardiness, and a written reprimand that does not affect compensation, duties, or job title, are not adverse employments actions that can support a retaliation cause of action. *See Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 275 (5th Cir. 2013); *Hernandez v. Sikorsky Support Servs., Inc.*, 495 F. App'x 435, 438 (5th Cir. 2012); *DeHart v. Baker Hughes Oilfield Ops., Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007). Likewise, changes in job duties over time are not typically considered adverse employment actions in the retaliation context without a corresponding change in job title, grade, hours, compensation, or benefits. *Fleming*, 2024 WL 1055120, at *16; *see Finch v. City of San Antonio*, No. SA-15-CV-521, 2016 WL 4919967, at *7 (W.D. Tex. Sept. 13, 2016).

Reading the Amended Complaint broadly and with liberal construction, and taking into account Dr. Middleton's supporting affidavit as part of the Amended Complaint, the Court construes Dr. Middleton's factual allegations supporting this cause of action to be he suffered continued harassment from his students, unwarranted criticism and scrutiny of his work by his students and his supervisors, and a written reprimand, all in retaliation of his initial complaint of

improper, racially-biased student behavior and request for help from his supervisors. Dr. Middleton alleges that instead of investigating his students' behavior and instead of counseling his students, his supervisors investigated him for advertising his availability for his personal business during the times he was required to be available to his students. Dr. Middleton alleges this investigation resulted in a written reprimand.

In this retaliation context, to the extent Dr. Middleton's retaliation cause of action is premised on the corrective actions and written reprimand he received, these are not adverse employment actions under the standard for retaliation claims. *See Hernandez*, 495 F. App'x at 438; *DeHart*, 214 F.App'x at 442; *Fleming*, 2024 WL 1055120, at *16; *Simmons-Myers*, 515 F. App'x at 275. Dr. Middleton does not allege the written reprimand changed his compensation, duties, or job title to make this allegation capable of supporting this cause of action. *See Hernandez*, 495 F. App'x at 438. Similarly, to the extent Dr. Middleton attempts to allege his written reprimand resulted or may result in a change in his job duties over time, this assertion is speculative and, therefore, not sufficient to support the retaliation cause of action. *See Finch*, 2016 WL 4919967, at *7.

Consequently, these factual allegations are not sufficient to state a claim for relief or a cause of action for retaliation in violation of Title VII that is plausible on its face. *See Twombly*, 550 U.S. at 555–558, 570. For this reason, Dr. Middleton's cause of action for retaliation in violation of Title VII must be dismissed.

### 4.  Plausibility of a Cause of Action of Hostile Work Environment

The Court notes that Dr. Middleton does not clearly assert or delineate a cause of action of hostile work environment. Dr. Middleton asserted a claim for hostile work environment in the EEOC charge yet did not specifically assert this cause of action in his Amended Complaint. For

this reason, this Court finds Dr. Middleton abandoned this cause of action. *See ECF No. 3, pars. 17-18.*

However, Dr. Middleton does assert facts in the Amended Complaint which show he intended to assert this cause of action and which allege conditions he asserts constitute a hostile work environment. Therefore, based upon the facts alleged and the EEOC Charge, it appears Dr. Middleton intended to assert this cause of action but did not do so. Accordingly, in the interest of being thorough, the Court will generously construe the Amended Complaint to include this cause of action. *See ECF No. 3, pars. 1-6.13-16.*

To plausibly assert a cause of action of hostile work environment, a plaintiff must allege facts to show: (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment affected a term, condition, or privilege of his employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

The Court construes the Amended Complaint liberally and in a light most favorable to Dr. Middleton. In doing so, the Court will follow Dr. Middleton's examples of the allegations in the Amended Complaint that support this cause of action provided in his Response to the Motion to Dismiss. *See ECF No. 13, p. 10*. These allegations include excerpts from the Amended Complaint that appear in par. 16:

> "b. Students had excessive absences while continually harassing and disrespecting [Dr. Middleton] without enforcing the standards of behavior expected of students, creating a double standard for [Dr. Middleton] who abides by the standards set forth in the program for instructors. This double standard created a hostile work environment for [Dr. Middleton]; c. COL Wood and COL Douglas failed to issue a 15-6 investigation into [Dr. Middleton's] allegations of harassment; e. COL

> Wood failed to provide Plaintiff with the support needed to counsel students with behavioral issues such as harassment, bullying, disrespectful outbursts, excessive absences, and walking out of class in violation of the standards set forth by the program for appropriate behavior; f. COL Wood did not redirect students to take direction from [Dr. Middleton] and instead undermined [Dr. Middleton's] role as their professor by allowing them to voice concerns with other Professors/Program Directors."

*ECF No. 3, par. 16; ECF No. 13, pp.9-10.*

In these excerpts, Dr. Middleton contends he "detailed pervasive harassment, bullying, and discriminatory conduct by students and staff, which Army leadership failed to investigate in violation of Army Regulation 690-12, Appendix D (Anti-Harassment Policy) Exh. E." *Id*. In his Response to the Motion to Dismiss, Dr. Middleton contends these cited behaviors created a hostile work environment based on his race because the students involved and his supervisors were all Caucasian. *ECF No. 10, pp. 3,6,10,12-16*.

Review of these supporting facts supporting Dr. Middleton's hostile work environment cause of action reveals the alleged incidents, while disrespectful, unprofessional, and harassing, do not reveal the behavior to be based upon bias against Dr. Middleton's race or color and have no racial overtones. While the incidents did cause an unfortunate and antagonistic environment for Dr. Middleton, because they do not contain any indication the students' comments or conduct or his supervisors' failure to properly investigate were racially motivated, these allegations cannot support a cause of action for hostile work environment. *West v. City of Houston, Texas*, 960 F.3d 736, 742 (5th Cir. 2020). For this reason, these facts cannot be sufficient to plausibly allege Dr. Middleton's harassment was because of his race. *See Raj*, 714 F.3d at 331; *English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019).

The fact that all parties involved were white provides only speculation that Dr. Middleton's race caused the various forms of hostile treatment he alleges. *English*, 777 F.App'x at. 98.

Dr. Middleton's subjective belief that these actions were race-based cannot support a hostile work environment cause of action. *See McCloud v. McDonough*, No. 22-10357, 2023 WL 2525656, at *3 (5th Cir. Mar. 15, 2023) (per curiam); *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1067 (5th Cir. 2023)

Because these excerpts cannot support the third element of this cause of action, i.e. the unwelcome harassment was based on Dr. Middleton's membership in a protected group, he does not allege a plausible claim for hostile work environment.

## Conclusion

For the reasons stated, Defendants' Motion to Dismiss is GRANTED.

The Clerk of Court is DIRECTED to close this case.

Any pending Motions are denied as moot, and the Court's referral to the Magistrate Judge is withdrawn. The Court will enter Final Judgement separately.

It is so ORDERED.
SIGNED this 15th day of December, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE